FPS:lm
## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| -vs- : | |
| : | NO. 3:CR-07-410 |
| ALLAN ROSS, : | |
| : | |
| Defendant : | |

# **P L E A   A G R E E M E N T**

The following plea agreement is entered into by and between the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant. Any reference to the United States or to the Government in this Agreement shall mean the office of the United States Attorney for the Middle District of Pennsylvania.

The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines which took effect on November 1, 1987, as amended and interpreted by United States v. Booker, 125 S. Ct. 738 (2005), will apply to the offenses to which the defendant is pleading guilty.

1. <u>Plea of Guilty</u>. The Government and the defendant agree that this plea agreement is made pursuant to Fed. R. Crim. Proc. 11(c)(1)(C) and the parties agree that a specific sentence, as outlined below in paragraph 12, is the appropriate disposition of the case. If the Court refuses to accept any provision of this plea agreement, then no party shall be bound by any of the provisions of the plea agreement, and no statement contained in this plea agreement will be admissible against any party in any proceeding. The defendant agrees to plead guilty to Count 1 of the Indictment,

which charges the defendant with a violation of Title 18, United States Code, Section 2422(b), using a facility of interstate commerce to attempt to persuade and induce a minor to engage in illegal sexual conduct. The maximum penalty for the offense is imprisonment for life, a fine of $250,000, a maximum term of supervised release of up to life, to be determined by the court, which shall be served at the conclusion of and in addition to any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release order, denial of certain federal benefits and an assessment in the amount of $100. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is in fact guilty of the offense(s) charged in that count. The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts that support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the court at a sentencing hearing. After sentencing, the United States will move for dismissal of any remaining counts. The defendant agrees, however, that the United States may at its sole election reinstate any dismissed counts in the event that the charge(s) to which the defendant has pleaded guilty pursuant to this agreement are subsequently vacated or set aside by the district court or any appellate court. The defendant further agrees to waive any defenses to the reinstatement of these charges based upon, laches, the assertion of speedy trial rights, any applicable statute of limitations or any other grounds in the event that the defendant successfully vacates or sets aside any conviction or sentence imposed pursuant to this plea agreement.

2.      <u>Mandatory Minimum Sentence</u>. Count 1 carries a mandatory minimum period of imprisonment of 10 years.

3. Term of Supervised Release. The defendant also understands that the court must impose at least a five-year term of supervised release in addition to any term of imprisonment, fine or assessment, and may impose a term of supervised release up to life.

4. Fine. The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

5. Alternative Fine. The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if the District Court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the Court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

6. Inmate Financial Responsibility Program. If the Court awards a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary and apply those amounts on the defendant's behalf to the payment of the outstanding fine and restitution orders.

7. Special Assessment. The defendant understands that the Court will impose a special assessment of $100 pursuant to the provisions of Title 18, United States Code, Section 3013. No

later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court Middle District of Pennsylvania. This check should be made payable to "Clerk, United States District Court". Counsel for the defendant shall provide a copy of the special assessment check or a Clerk's receipt to the United States Attorney's Office for the Middle District of Pennsylvania at the time of sentencing certifying compliance with this provision of the plea agreement. If the defendant intentionally fails to make this payment, pays with an insufficient funds check, or otherwise fails to comply with any of the requirements of the United States Attorney's Office's Financial Litigation Unit regarding the special assessment, it is understood that this failure may be treated as a breach of this plea agreement and may result in further prosecution or the filing of additional criminal charges, or a contempt citation.

8. Financial Litigation Unit Investigation. The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney's Office's Financial Litigation Unit regarding the defendant's financial status. As part of this process, the defendant, whether represented by counsel or not, consents to contact by and communication with the Financial Litigation Unit, and regarding representation by undersigned counsel, the defendant and counsel consent to contact by and communication with the Financial Litigation Unit and agree to waive any prohibition against communication with a represented party by the United States Attorney's Office regarding defendant's financial status. Pursuant to Title 18, United States Code, Section 3664 (d)(3) the defendant also agrees to complete the required financial affidavit, fully describing the defendant's financial resources within 10 days of the guilty plea. The defendant will submit the original affidavit, on forms prescribed by the probation office, to the U.S. Probation Office with a copy to the United

States Attorney's office.

9. No Further Prosecution, Except Tax Charges. The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense described above. However, nothing in this agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

10. Acceptance of Responsibility–Three Levels. Counsel for the defendant has affirmatively indicated to the United States Attorney's Office that the defendant not only wishes to enter a plea of guilty, but will clearly demonstrate a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines. Additionally, the defendant has assisted authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate its resources efficiently. Accordingly, if the defendant can adequately demonstrate this acceptance of responsibility to the government, the United States Attorney's Office hereby moves at sentencing that the defendant receive a three-level reduction in the defendant's offense level for acceptance of responsibility. The failure of the Court to find that the defendant is entitled to this three-level reduction shall not be a basis to void this plea agreement.

11. Appropriate Sentence Recommendation. At the time of sentencing, the United States will make a recommendation consistent with the terms of this plea agreement.

12. Rule 11(c)(1)(C) Binding Agreement. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the government and the defendant stipulate and agree to the following

regarding the defendant's sentence:

> **The parties agree that the defendant shall be sentenced to 120 months in prison, shall pay a $100 special assessment, and shall be placed on supervised release for life after being released from prison.**

The parties agree that this sentence is a reasonable sentence under the facts and circumstances of this case.

If at sentencing the court fails to accept the stipulations of the parties, or imposes a sentence greater than that agreed to by the parties, then the defendant has the right to withdraw from this agreement and withdraw any guilty plea entered pursuant to this agreement.

13. <u>Special Conditions of Probation/Supervised Release</u>. If probation or a term of supervised release is ordered, the United States may recommend that the court impose one or more special conditions, including but not limited to the following:

(a) The defendant be prohibited from possessing a firearm or other dangerous weapon.

(b) The defendant make restitution, if applicable payment of which shall be in accordance with a schedule to be determined by the court.

(c) The defendant pay any fine imposed in accordance with a schedule to be determined by the court.

(d) The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation office unless the defendant is in compliance with the payment schedule.

(e) The defendant be directed to provide the probation office and the United States Attorney access to any requested financial information.

(f) The defendant be confined in a community treatment center, halfway house or similar facility.

(g) The defendant be placed under house detention.

(h) The defendant be ordered to perform community service.

(i) The defendant be restricted from working in certain types of occupation or with certain individuals, if the Government deems such restrictions to be appropriate.

(j) The defendant be directed to attend substance abuse counseling which may include testing to determine whether the defendant is using drugs or alcohol.

(k) The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the probation officer.

(l) The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

(m) The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

14. Background Information for Probation Office. The defendant also understands that the United States will provide to the United States Probation Office all information in its possession which the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

15. Objections to Pre-Sentence Report. The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and defendant must communicate to the probation officer within fourteen (14) days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges and policy statements contained on or omitted from the report. The defendant agrees to meet with the United States at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive differences. If any issues remain unresolved, they shall be communicated to the probation officer for his inclusion on

an addendum to the pre-sentence report. The defendant agrees that unresolved substantive objections will be decided by the court at the sentencing hearing where the standard of proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

16. <u>Victims' Rights</u>. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and the regulations promulgated under those Acts by the Attorney General of the United States, crime victims have the following rights:

    (a)    The right to be reasonably protected from the accused.

    (b)    The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding, involving the crime or of any release or escape of the accused.

    (c)    The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.

    (d)    The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding. The defendant understands that the victim's comments and recommendations at any of these proceedings may be different than those of the parties to this agreement.

    (e)    The reasonable right to confer with the attorney for the Government in the case. The defendant understands that the victim's opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this agreement.

    (f)    The right to full and timely restitution as provided for by law. The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the Court is authorized to order restitution by the

defendant including, but not limited to, restitution for property loss, economic loss, personal injury, or death.

(g)     The right to proceedings free from unreasonable delay.

(h)     The right to be treated with fairness and with respect for the victim's dignity and privacy.

17.     Relevant Sentencing Information. At the sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to the defendant's background, character and conduct including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this agreement.

18.     Maximum Sentence. The defendant understands that the Court is not a party to and is not bound by this agreement nor any recommendations made by the parties. However, if at sentencing the court fails to accept the stipulations of the parties, or imposes a sentence greater than that agreed to by the parties, then the defendant has the right to withdraw from this agreement and withdraw any guilty plea entered pursuant to this agreement.

19.     Breach of Agreement. In the event the United States believes the defendant has failed to fulfill any obligations under this agreement, then the United States shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations. Whether or not the defendant has completely fulfilled all of the obligations under this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the United States shall be required to establish any breach by a

preponderance of the evidence. In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the negotiation phase of this agreement.

20. Remedies for Breach. The defendant and the United States agree that in the event the Court concludes that the defendant has breached the agreement:

(a) The defendant will not be permitted to withdraw any guilty plea tendered under this agreement and agrees not to petition for withdrawal of any guilty plea;

(b) The United States will be free to make any recommendations to the Court regarding sentencing in this case;

(c) Any evidence or statements made by the defendant during the cooperation phase will be admissible at any trials or sentencings;

(d) The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea. The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy or other similar grounds.

21. Further Prosecution for Perjury, False Statement, Etc. Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement, including perjury, false declaration, or false statement, in violation of Title 18, United States Code, Section 1621, 1623, or 1001, or obstruction of justice, in violation of Title 18, United States Code, Section 1503, 1505, or 1510, should the defendant commit any of those offenses during the cooperation phase of this agreement. Should the defendant be charged with any offense alleged to have occurred after the date of this agreement, the information and documents disclosed to the United States during the course of the cooperation could be used against the defendant in any such prosecution.

22. <u>Non-Limitation on Government's Response</u>. Nothing in this agreement shall restrict or limit the nature or content of the United States's motions or responses to any motions filed on behalf of the defendant. Nor does this agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of the Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

23. <u>Agreement Not Binding on Other Agencies</u>. Nothing in this agreement shall bind any other federal, state or local law enforcement agency, except as referenced in the agreement.

24. <u>Violation of Law While Plea or Sentence Pending</u>. The defendant understands that it is a condition of this plea agreement that the defendant refrain from any further violations of state, local or federal law while awaiting plea and sentencing under this agreement. The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea and /or sentencing in this case, the government may petition the Court and, if the Court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: A) withdraw from this agreement, or B) make any sentencing recommendations to the Court that it deems appropriate. The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this plea agreement, and the government will be permitted to bring any additional charges which it may have against the defendant.

25. <u>Plea Agreement Serves Ends of Justice</u>. The United States is entering into this Plea

Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

26. Merger of All Prior Negotiations. This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written plea agreement.

27. Deadline for Acceptance of Plea Agreement. The original of this agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., **February 21, 2008**, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

28. Required Signatures. None of the terms of this agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the

defendant and defense counsel and until signed by the United States Attorney.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

2-19-08                                *Allan E. Ross*
                                       ALLAN ROSS
Date                                   Defendant


I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

2/19/08                                *Hervery B. O. Young*
Date                                   HERVERY B. O. YOUNG, ESQUIRE
                                       Counsel for Defendant

2-20-08                                *Martin C. Carlson*
Date                                   MARTIN C. CARLSON
                                       Acting United States Attorney


FPS:lm: Post-Booker Plea Agreement 1/28/2008

13